IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA K. LUNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-CV-4197-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Debra K. Luna brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including lower and upper back problems, seizures, hypothyroidism, severe anemia, hypertension, hyperlipidemia, obesity, depression, anxiety, obsessive compulsive disorder, post traumatic stress disorder, and hallucinations. After her applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 9, 2009. At the time of the hearing, Plaintiff was 49 years old. She has more than a high school education and past work experience as a social services aide or teacher's aide. Plaintiff has

not engaged in substantial gainful activity since September 1, 2004, the alleged onset date of her disability.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from degenerative disc disease, obesity, seizure disorder, anxiety disorder, and depression disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of working as a production assembler, miscellaneous handler wire worker, and a production inspector -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

### Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1)  an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2)  an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3)  an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4)  if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5)  if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

3

was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Issues

In two grounds for relief, Plaintiff argues that: (1) the ALJ failed to consider whether she is disabled under Listing 1.04; and (2) the ALJ improperly rejected her treating physician's opinion.

### Analysis

Plaintiff first challenges the ALJ's finding at step 3 of the sequential evaluation process that she does not have a physical impairment that meets or equals Listing 1.04. (*See* Pl. Br. at 11-15). Under the social security regulations, a person is presumptively disabled under Listing 1.04 if she suffers from:

> Disorders of the spine (*e.g.*, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> * * *

> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.04.

The administrative record in this case indicates that Plaintiff consistently complained of chronic neck and back pain. (*See, e.g.*, Tr. at 45, 236, 335, 342, 366). Plaintiff testified at the hearing that her pain travels down her legs and makes her knees and feet ache. (*Id.* at 44-45). Plaintiff stated that, because of her pain, she is unable to stand or sit for extended periods and that she has difficulty walking. (*Id.* at 49, 50, 51). According to Plaintiff, she cannot walk around the zoo with her granddaughter and has to use a grocery cart for support when she goes shopping. (*Id.* at 50, 58). Plaintiff's testimony was corroborated by a social security field office interviewer who observed that "[Plaintiff] had to have help to get from the lobby chair to the interview window. She was in obvious pain sitting in the chair during the interview. She broke down in tears several times because of emotions and pain." (*Id.* at 181). A consultative psychologist similarly noted that Plaintiff's gait was unsteady. (*See id.* at 360). Plaintiff's doctors and medical consultants found that her complaints were supported by objective medical findings, including x-rays and MRI results, and diagnosed her with grade I spondylolisthesis with bilateral spondylosis, severe spinal canal stenosis and bilateral subarticular recess and neuroforaminal, degenerative disc disease, and cervicalgia. (*Id.* at 236, 241, 268, 270, 370, 371, 570, 585). Medical examinations further revealed limitation of motion and extension in Plaintiff's spine and positive straight-leg raising. (*Id.* at 269-70). Her treating physician Dr. Grady Shaw, M.D. opined that, because of her pain, Plaintiff could not walk one block without rest or severe pain; could sit for only 30 minutes at a time; could stand for only

ten minutes at a time, for a total of less than two hours in an eight-hour work day; must frequently change positions and take unscheduled breaks; could not lift or carry more than ten pounds; could never stoop, crouch, or squat; and could rarely climb stairs. (*Id.* at 575-77). The ALJ determined at step 2 of the sequential evaluation process that Plaintiff suffers from, among other things, degenerative disc disease, that constitutes a severe impairment under the social security regulations. (*See id.* at 30).

At step 3, the ALJ examined whether Plaintiff's mental impairments satisfied the requirements of Listing 12.04 and 12.06, but did not specifically discuss whether any of Plaintiff's *physical* impairments met or equaled any Listing. (*See id.* at 31-32). The ALJ did not discuss, or even mention, Listing 1.04. The Commissioner concedes that the ALJ failed to conduct a separate analysis of Plaintiff's back impairment under Listing 1.04. (Def. Br. at 4). Such failure constitutes legal error. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (ALJ has a duty to analyze claimant's impairments under every applicable Listing); *Pannell v. Astrue*, No. 3:11-CV-2385-D, 2012 WL 4341813, at *3 (N.D. Tex. Sept. 21, 2012) (same).

Nor is such error harmless. *See Audler*, 501 F.3d at 448 (court's analysis does not end with finding that ALJ erred in failing to analyze claimant's impairments under applicable Listing; court "must still determine whether this error was harmless"). The evidence suggests that Plaintiff meets all the requirements of Listing 1.04A. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.04. As noted, Plaintiff has been diagnosed with degenerative disc disease and spinal stenosis -- two of the impairments specifically mentioned in the Listing. (*Id.* at 236, 370, 570). There is also evidence that these diagnosed disorders result in compression of a nerve root or the spinal cord. Specifically, there is evidence that Plaintiff suffers from neuro-anatomic distribution of pain because she has described

6

her pain as constant and radiating to her lower extremities. (*Id.* at 269-70). The medical records further reveal limitation of motion of Plaintiff's spine and motor loss accompanied by sensory or reflex loss. (*Id.*). Plaintiff suffered numbness from pain and decreased sensation in the right L4-5 and S1 dermatomes. (*Id.* at 366, 369, 574). There is also evidence of positive straight-leg raising. (*Id.*). The Commissioner concedes that Plaintiff established that she met the diagnostic requirements of Listing 1.04 and "arguably, a portion of the several additional requirements under Listing 1.04A." (Def. Br. at 4). Although the Commissioner generally disputes that Plaintiff has identified sufficient evidence of nerve root or spinal cord compression to establish prejudice, she fails to specifically address any of Plaintiff's evidence or point to any contrary evidence. Absent an explanation from the ALJ, it appears that Plaintiff has met her burden of showing that she meets the requirements of Listing 1.04A. Accordingly, remand is required. *Audler*, 501 F.3d at 448. *See also Sutherland v. Colvin,* No. 4:12-CV-206-Y, 2013 WL 5423990, at *7 (N.D. Tex. Sept. 27, 2013) (remand required where evidence demonstrated claimant's impairments may satisfy listing criteria, but decision did reflect that ALJ evaluated impairments under applicable listing); *Cadzow v. Colvin,* No. 5:12-CV-225-C, 2013 WL 5585936, at *4 (N.D. Tex. Oct. 10, 2013) (same).

In an effort to avoid remand, the Commissioner raises several inapposite arguments. First, the Commissioner contends that Plaintiff is not disabled because she lost her job following an argument with her supervisors and not because of her inability to perform the job physically. (Def. Br. at 5). The Commissioner also argues that Plaintiff's level of daily activity is inconsistent with a claim of total disability and that Plaintiff's sole reliance on over-the-counter pain medications undermines her claim of disabling pain. (*Id.*). The issue at step 3 of the sequential evaluation process, however, is whether Plaintiff's impairments are severe enough to meet or medically equal

the criteria of a Listing which would require a finding that she is presumptively disabled. The ALJ has the responsibility to make that determination in the first instance, and, in the absence of a meaningful discussion from the ALJ, this Court cannot determine if the step 3 finding is supported by substantial evidence.[1] *Audler*, 501 F.3d at 448.

## CONCLUSION

The Commissioner's final decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.[2]

SO ORDERED, March 27, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court remands this case for additional proceedings at step three, it need not reach Plaintiff's additional arguments.

[2] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.

8